UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BAY HAVEN AT COCO BAY
CONDOMINIUM ASSOCIATION,
INC.,

      Plaintiff,

  v.

HARTFORD INSURANCE
COMPANY OF THE MIDWEST,

      Defendant,
_____/

Case No. 2:24-cv-696-KCD-DNF

## **ORDER**

Before the Court is Defendant Hartford Insurance Company of the Midwest's Motion for Summary Judgment. (Doc. 39.)[1] Plaintiff Bay Haven at Coco Bay Condominium Association, Inc. has responded in opposition (Doc. 42), making the motion ripe.

This is a flood insurance dispute arising from Hurricane Ian. The central issue is whether an insured may recover additional federal flood benefits when it failed to submit a signed and sworn proof of loss for the specific amounts sought in the lawsuit, relying instead on estimates and the doctrine of substantial compliance. Under Eleventh Circuit precedent regarding the National Flood Insurance Program, the answer is no.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

## I. Background

The facts needed to resolve this motion are undisputed. Bay Haven manages several condo buildings in Fort Myers. When Hurricane Ian swept through in September 2022, it caused significant flood damage to these properties.

Bay Haven held federal flood insurance policies through Hartford. Hartford operates as a "Write-Your-Own" carrier—essentially a fiscal agent that manages policies and handles claims but pays them using federal funds.

Following the storm, FEMA extended the usual 60-day deadline for filing a proof of loss to one year, giving policyholders until September 28, 2023, to submit their paperwork. Bay Haven eventually submitted signed and sworn proofs of loss in November 2023. Because these were late, Hartford had to ask FEMA for a waiver to pay them. FEMA agreed, but with a catch: the waiver was limited. It covered only the specific amounts in those November requests and explicitly stated it did "not waive the 60-day proof of loss requirement for any other proof of loss[.]" (Doc. 39-8 at 2.)[2] Hartford paid those amounts.

The problem arose when Bay Haven decided it was owed more—specifically for things like ceramic tile replacement and HVAC line sets. Bay Haven admits it never submitted a proof of loss for these additional amounts.

---

[2] For ease of reference, the Court will cite to the page numbers generated by its electronic filing system for all exhibits.

(Doc. 39-10 at 6.) Instead, it sent invoices, estimates, and appeal letters to Hartford documenting the damages. (Doc. 42 at 6.)

Hartford has moved for summary judgment, arguing that without a sworn proof of loss for the extra money, Bay Haven is out of luck. Hartford also argues that the claims for one specific building (Building KK) were filed too late. (Doc. 39.)

## II. Standard of Review

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When deciding a motion for summary judgment, a judge is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Las Brisas Condo. Homes Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-CV-41-KCD, 2023 WL 8978168, at *1 (M.D. Fla. Dec. 28, 2023). "An issue is genuine if a reasonable jury could return a verdict for the nonmoving party." *Do v. Geico Gen. Ins. Co.*, No. 1:17-CV-23041-JLK, 2019 WL 331295, at *2 (S.D. Fla. Jan. 25, 2019). "And a fact is material if it may affect the outcome of the case under the applicable substantive law." *Toca v. Debonair Props. LLC*, No. 2:23-CV-303-KCD, 2025 WL 2106674, at *4 (M.D. Fla. July 28, 2025).

"The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact." *Andrews v. Ciccone*, No. 3:23-CV-88-MMH-SJH, 2025 WL 2508878, at *2 (M.D. Fla. Sept. 2, 2025). "When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings" and point to evidence in the record that demonstrates the existence of a genuine issue for trial. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). "A mere scintilla of evidence" is not enough. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990). "[T]here must be enough of a showing that the jury could reasonably find for [the non-movant]." *Id.* In reviewing the evidence, the court draws all legitimate inferences in the opposing party's favor. *See Sconiers v. Lockhart*, 946 F.3d 1256, 1263 (11th Cir. 2020).

### III. Discussion

It is important to understand from the outset that this case does not involve a typical insurance contract. Instead, it concerns a flood policy issued through the National Flood Insurance Program. Under this statutory scheme, private insurers (like Hartford) act not as traditional independent carriers, but as fiscal agents of the United States. They write the policies and process the claims, but the federal government ultimately pays the bill. *See Boyd v. Standard Fire Ins. Co.*, No. 8:14-CV-2074-T-33EAJ, 2014 WL 6607009, at *2

(M.D. Fla. Nov. 19, 2014). This arrangement transforms the standard flood insurance policy from a mere private contract into a federal regulation. Because every dollar paid is a direct charge on the public treasury, the law requires that we treat these policies differently than a standard homeowner's plan. Claimants must turn square corners when dealing with the government, strictly adhering to the conditions Congress has set for accessing federal funds. *See, e.g.*, *Shuford v. Fid. Nat. Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007).

Pertinent here, the standard flood insurance policy imposes a clear and non-negotiable obligation on the insured to substantiate their claim. The policyholder must submit a sworn "proof of loss" within 60 days of the flood event—or within any extended period granted by FEMA. 44 C.F.R. § Pt. 61, App. A(1). This document is the linchpin of the claims process: it is a statement signed and sworn to by the insured, explicitly setting forth the amount claimed under the policy. Beyond just a dollar figure, the proof of loss must include detailed specifications of the damaged property and repair estimates. *Id.* Because this requirement is a regulatory condition precedent to recovery, an insured cannot sue to recover money under the policy unless they have strictly complied with it. *See Clement v. Wright Nat'l Flood Ins. Co.*, 587 F. Supp. 3d 1129, 1132 (N.D. Ala. 2022).

Bay Haven did not submit a proof of loss compliant with the policy for the damages sought in this lawsuit. (Doc. 39-10 at 6.) Even so, Bay Haven argues that it substantially complied with this requirement by sending contractor invoices and engaging in the appeals process. (Doc. 42 at 15 ("Bay Haven then submitted J.E.S. mitigation and buildback invoices by building; Gulf Shore Cooling HVAC invoices and estimates; Environmental testing and labor reports; and a detailed FEMA appeal letter.").) In the world of private insurance, that might be enough. But this is federal insurance, and that makes all the difference.

For flood policies, the procedural requirements must be strictly construed and enforced. The Supreme Court has long held that courts must observe the conditions defined by Congress for charging the public treasury—no more, no less. *Fed. Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 385 (1947). "[N]ot even the temptations of a hard case should cause courts to read the requirements of a federal insurance contract with charitable laxity." *Sanz v. U.S. Sec. Ins. Co.*, 328 F.3d 1314, 1318 (11th Cir. 2003).

Consistent with this principle, providing an insurer with all the information necessary to process a claim does not excuse the failure to submit a sworn proof of loss. *See, e.g.*, *Blocdahl Leasing, LLC v. Am. Strategic Ins. Corp.*, No. 2:23-CV-776-SPC-KCD, 2024 WL 5202783, at *3 (M.D. Fla. Dec. 23, 2024), *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). A stack of invoices

6

is not a sworn statement, nor is an appeal letter. Submitting evidence of the loss—no matter how detailed—is simply not the functional equivalent of the signed and sworn statement the regulations demand. In this arena, close enough is not enough; strict compliance is the price of admission. Because Bay Haven failed to submit a sworn proof of loss for the additional damages it now seeks, it has not met the conditions needed for payment. *See Greer v. Owners Ins. Co.*, 434 F. Supp. 2d 1267, 1277 (N.D. Fla. 2006).

Bay Haven still insists that a reasonable jury could look at the mountain of paper it produced and conclude that it satisfied the policy. (Doc. 42 at 16.) Not so. The standard flood policy demands not just notice of a loss, but a specific sworn statement. *Slater v. Hartford Ins. Co. of Midwest*, 26 F. Supp. 3d 1239, 1249 (M.D. Fla. 2014). Bay Haven concedes it never submitted such a document for the additional damages at issue here. (Doc. 39-10 at 6.) That ends the matter. *See, e.g.*, *Kayser Props., LLC v. Fid. Nat. Prop. & Cas. Ins. Co.*, No. 306CV150/MCR/EMT, 2007 WL 1490693, at *2 (N.D. Fla. May 21, 2007).

Bay Haven also tries to save its claim by pointing to FEMA's final decision letter, noting that the agency reviewed Bay Haven's appeal on the merits—discussing scope and pricing—rather than rejecting it for a missing form. (Doc. 42 at 16.) From this, Bay Haven asks us to infer that the proof of loss requirement was effectively waived or rendered moot. But in the context of federal flood insurance, silence is not a waiver. The regulations are explicit:

7

a waiver must be express and in writing. 44 C.F.R. § 61.13(d). That FEMA chose to explain why the claim lacked merit substantively does not mean it waived the procedural prerequisites for filing a lawsuit.

Bay Haven similarly relies on FEMA's "Policyholder Rights" brochure, arguing that its encouraging language about working with adjusters creates an estoppel against Hartford. (Doc. 42 at 17.) But this argument mistakes a helpful pamphlet for a get-out-of-jail-free card. While the guidance acknowledges that policyholders may supplement their claims, it does not rewrite the Code of Federal Regulations. Even the guidance Bay Haven relies on contemplates the submission of an amended proof of loss—meaning a document that is, once again, signed and sworn. (Doc. 42-5 at 1.) Following the general advice to cooperate with an adjuster does not excuse the specific legal obligation to formalize the claim. And as for estoppel, courts are rightfully loath to apply it against the government's fiscal agents absent "affirmative and egregious misconduct," a high bar that is not met here. *Sanz*, 328 F.3d at 1320 (refusing estoppel defense where the insurer erroneously informed a policyholder that he had completed all of the necessary paperwork and his claim would be taken care of).

Finally, Bay Haven attempts to sidestep all this unfavorable law with *Oliver v. Wright National Flood Insurance Company*, an unpublished order from this district suggesting that proof-of-loss disputes are inherently factual

8

questions for a jury. (Doc. 42-6.) For one thing, *Oliver* decided a motion to dismiss—a stage where judicial credulity is mandatory and the court must assume the plaintiff's story is true. We are now at summary judgment, where facts, not mere allegations, control. And the undisputed facts here show that Bay Haven never filed a proof of loss as required. But the problems with *Oliver* run deeper than procedure. It failed to cite, let alone distinguish, Eleventh Circuit case law holding that equitable defenses are not "available argument[s]" in this context. *Shuford*, 508 F.3d at 1342. The holding in *Oliver* binds no one, and given its failure to grapple with existing case law, it is far from persuasive.

As mentioned, Hartford separately argues that the claims for Building KK are time-barred. But the Court need not decide whether the statute of limitations had run because the proof-of-loss issue resolves the entire case. Bay Haven's failure to submit a sworn statement for the additional damages is a fatal defect that applies to every building and every dollar now in dispute.

## IV. Conclusion

This case comes down to a simple, if severe, principle: when seeking public funds, one must strictly follow the path laid out by Congress. Bay Haven did not do so. By neglecting to submit a signed and sworn proof of loss for the additional damages it now claims, it failed to satisfy a non-negotiable condition precedent under the policy. Neither a stack of invoices nor a belief that the

9

insurer knew enough can substitute for the strict compliance that federal law demands. Because Bay Haven cannot overcome this threshold failure, Hartford's Motion for Summary Judgment (Doc. 39) is **GRANTED**. The Clerk is directed to enter judgment, cancel all remaining deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on January 14, 2026.

Kyle C. Dudek
United States District Judge